**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000513**
**29-NOV-2012**
**08:38 AM**

NO. CAAP-12-0000513


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BETSY AKIKO MORIOKA, Plaintiff-Appellee, v. KIMBERLY ANN EIKO
LEE, DANIEL MORRIS LEE, HAWAII STATE FEDERAL CREDIT UNION; CITY
AND COUNTY OF HONOLULU, DEPARTMENT OF BUDGET AND FISCAL SERVICES;
AND JOHN AND JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE
GOVERNMENTAL UNITS 1-20; AND DOE ENTITIES 1-20, Defendants-
Appellants

and

KIMBERLY ANN EIKO LEE and DANIEL MORRIS LEE, Plaintiffs-
Appellants, v. BETSY AKIKO MORIOKA; JOHN DOES 1-10; JANE DOES 1-
10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE
GOVERNMENTAL ENTITIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 08-1-0996-05 & 08-1-1280-06)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over Defendants/Cross-Claim Plaintiffs/Plaintiffs/
Appellants Kimberly Ann Eiko Lee and Daniel Morris Lee's (the Lee
Appellants) appeal from the Honorable Rom A. Trader's April 25,
2012 judgment in the consolidated cases of Civil No. 08-1-0996-05
and Civil No. 08-1-1280-06, because the April 25, 2012 judgment
does not satisfy the requirements for an appealable final
judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 &

Supp. 2011), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. The finding necessary for certification under HRCP Rule 54(b) requires "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239

2

(1994) (emphasis added). For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005).

The April 25, 2012 judgment is a judgment in a consolidated case that purports to dispose of fewer than all claims among all parties. The April 25, 2012 judgment enters judgment in favor of Plaintiff/Defendant/Appellee Betsy Akiko Morioka (Appellee Morioka) and against the Lee Appellants as to

(a) Appellee Morioka's complaint for partition in Civil No. 08-1-0996-05, and

(b) Counts 1, 2, 3, 4, 6, 7, and 8 of the Lee Appellants' amended complaint in Civil No. 08-1-1280-06.

However, the April 25, 2012 judgment does not resolve all of the claims against all parties in the consolidated cases. For example, the April 25, 2012 judgment does not resolve Appellee Morioka's complaint for partition in Civil No. 08-1-0996-05 as to Defendants/Cross-Claim Defendants/Appellees Hawaii State Federal Credit Union or the City and County of Honolulu Department of Budget and Fiscal Services, nor does the April 25, 2012 judgment resolve the Lee Appellants' cross-claims. The April 25, 2012 judgment also does not resolve Count 5 and Count 9 of the Lee Appellants' amended complaint in Civil No. 08-1-1280-06. Most significantly, however, although the April 25, 2012 judgment does not resolve all claims in the consolidated cases, the April 25, 2012 judgment does not contain "an express determination that there is no just reason for delay . . . for the entry of judgment[,]" as HRAP Rule 54(b) requires for the certification that is necessary to appeal from a judgment on one or more but fewer than all claims or parties. Therefore, the April 25, 2012 judgment does not satisfy the requirements for an appealable

3

judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins</u>.

Absent an appealable judgment, we lack appellate jurisdiction and the Lee Appellants' appeal is premature. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000513 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 29, 2012.


Presiding Judge


Associate Judge


Associate Judge